IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES BANNISTER, Individually, as surviving spouse of Mary Ann Bannister, deceased, and as Administrator of the Estate of Mary Ann Bannister<br><br>                            **Plaintiff,**<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC., and KEY SAFETY SYSTEMS, INC.,<br><br>                            **Defendants.** | 1:06-cv-1772-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff James Bannister's ("Plaintiff") Motion for Entry of Default. (Mot. for Default [5].)

### I.      BACKGROUND

On February 23, 2006, Plaintiff filed this automobile product liability case in the State Court of Cobb County, Georgia against Defendants Honeywell International, Inc. ("Honeywell") and Key Safety Systems, Inc. ("Key Safety") (collectively "Defendants"), for the wrongful death of his wife in a car accident. Plaintiff also named Ford Motor Company, Allied Signal, Inc., Breed

Technologies, Inc., and Gregory J. Seleb as defendants in the state court action. On March 2, 2006, Honeywell was served with a copy of the Complaint, and Key Safety was served on April 10, 2006. Honeywell and Key Safety did not file an Answer in the state court action. Under O.C.G.A. § 9-11-55(a), if a defendant does not timely respond to a complaint, a case "shall automatically become in default unless the time for filing the answer was extended as provided by law." O.C.G.A. § 9-11-55(a). Upon occurrence of an automatic default, a plaintiff "shall be entitled to verdict and judgment by default . . . ." Id. By failing to file an Answer to the Complaint, Honeywell and Key Safety appear to have entered into automatic default in the state court action on April 3, 2006 and May 10, 2006, respectively. Plaintiff did not move the state court for verdict or default judgment against Honeywell or Key Safety.

On June 28, 2006, Plaintiff voluntarily dismissed, from his state court action, all the defendants, except for Honeywell and Key Safety. The dismissal of these other defendants created complete diversity for federal subject matter jurisdiction purposes, making the case removable to federal court. On July 28, 2006, Honeywell and Key Safety filed a Notice of Removal of the state court case to this

Court.  Defendants contemporaneously filed, in this Court, their Answer to Plaintiff's Complaint.

On August 30, 2006, Plaintiff filed this Motion for Entry of Default.  (Mot. for Default [5].)  Plaintiff argues that under Georgia state law, Honeywell and Key Safety were automatically in default when they failed to timely file an Answer in the state court proceeding, that this Court should treat Defendants as if they were already in default when the case came to federal court, and thus Defendants should have default entered against them in this Court and that the Answers they filed should not be given legal effect.  Defendants argue that the Federal Rules of Civil Procedure now govern this dispute.  In that they have timely filed in this Court their Answer to the Complaint, Defendants are not in default and neither default nor default judgment can be entered against them.

## II.    DISCUSSION

"Once [an] action has been removed [to federal court], the Federal Rules govern the procedure to be followed before the district court as if the case had been originally commenced in the federal court," including issues related to default. MOORE'S FEDERAL PRACTICE & PROCEDURE § 81.04; see also Hollis v. Fl. State

Univ., 259 F.3d 1295, 1299 (11th Cir. 2001) ("[R]emoved actions become subject to federal rather than state rules of procedure.").

Defendants removed this action from state to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.  "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  28 U.S.C. § 1446(b).  "[A] case may not be removed on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action."  Id.

> "In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, which ever period is longest."

Fed. R. Civ. P. 81(c).  Defendants properly removed this action within 30 days of the time it became removable on June 28, 2006 and filed their Answers within five days of removal.

Plaintiff does not argue that removal was improper.  Plaintiff simply argues that when the case was removed, Defendants already were in automatic default and the default should now be entered pursuant to Rule 54 of the Federal Rules of Civil Procedure.  Plaintiff argues further that the state court automatic default precluded Defendants from filing their Answers in this Court without at least first receiving the Court's permission.  (Mot. for Default, at 4.)   The Court disagrees.

Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default by the Clerk only where a party does not answer or otherwise defend against a complaint filed against it.  Fed. R. Civ. P. 55(a).  Defendants properly removed the case and properly filed their Answers within the time limitations of the Federal Rules.  The Answers were permitted to be filed and they preclude default being entered.

Even if the state court automatic default did apply, the circumstances here require that it be set aside.  Default always may be set aside for good cause shown.  See Fed. R. Civ. P. 55(c).  Courts consider several factors in determining whether the defaulting party has shown good cause for the setting aside of a default, including "whether the party has a meritorious defense, how promptly the party acted to cure the default, whether the default was willful, and whether the non-

defaulting party would be prejudiced." Ochoa v. Principal Mut. Ins. Co., 144 F.R.D. 418, 420 (N.D. Ga. 1992). There is a strong policy of determining cases on their merits, and judgments by default are viewed with disfavor. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (citing Gulf Coast Fans, Inc. v. Midwest Elec. Importers, Inc., 740 F.2d 1499 (11th Cir. 1984)).[1]

Defendants' National Counsel, J. Kenneth Wainwright, Jr., submitted an affidavit stating that during the time that Honeywell was served with the complaint in Plaintiff's state court action, he was working without an assistant and neglected to indicate the answer date in his diary. (Wainwright Aff., at ¶ 9.) Considering that this case is in its early stages, that it appears neither party will suffer any prejudice, that Defendants have indicated their willingness to participate fully in all future proceedings in this Court, that Defendants apparently neglected to timely file an Answer as a result of an administrative oversight, and in view of the strong policy in favor of determining cases on their merits, the Court finds there exists good cause to set aside any default that may apply here.

---

[1] The Court notes that Georgia law also gives a state court judge broad discretion to open a state law default, including "where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened." O.C.G.A. § 9-11-55(b).

## III.   CONCLUSION

Accordingly,

Plaintiff's Motion for Entry of Default [5] is **DENIED**.

**SO ORDERED** this 14th day of December, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE